Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Laura M. Franco (SBN: 186765)
lfranco@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111-5802
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Plaintiff
LIVING SPACES FURNITURE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVING SPACES FURNITURE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FURNITURE AND MATTRESS STORE, a/k/a FURNITURE AND MATRESS STORE, an entity of unknown origin; DAVID DURAN; TONY DURAN; and DOES 1 through 10, <br><br> Defendants. | Case No. 2:18-cv-3287 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNAUTHORIZED USE OF A COUNTERFEIT MARK; TRADEMARK DILUTION; FALSE DESIGNATIONS OF ORIGIN; AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Living Spaces Furniture, LLC ("Plaintiff" or "Living Spaces"), by its undersigned counsel alleges, upon knowledge as to itself and its own acts and upon information and belief as to all other matters, against Defendants Furniture and Mattress Store, a/k/a Furniture and Matress Store, David Duran, Tony Duran, and Does 1 through 10 ("Defendants"):

**INTRODUCTION**

1. This dispute arises out of Defendants' imitative, unauthorized, and unlawful adoption and use of the trademark LIVING PLACES, which is nearly identical to Plaintiff's well-known LIVING SPACES mark, and, in conjunction with a nearly identical logo, renders Defendants' mark substantially indistinguishable from—and therefore constitutes a counterfeit of—Plaintiff's LIVING SPACES marks.

2. Living Spaces is a leading provider of high-quality home furnishings and accessories. Living Spaces' success is due in no small part to the high-quality furniture and related goods sold in its retail stores and online, which has translated into substantial goodwill embodied by its LIVING SPACES marks. Defendants operate a furniture warehouse, delivering furniture in and around Los Angeles in trucks bearing signs with counterfeit LIVING SPACES marks. Defendants' unauthorized adoption and use of a counterfeit mark to sell furnishings of unknown quality and dubious origin is creating confusion in the marketplace and undermining the value and strength of Living Spaces' own authentic marks. Living Spaces brings this action to stop Defendants' infringing use of its marks.

**PARTIES**

3. Plaintiff Living Spaces Stores, LLC is a corporation organized under the laws of Delaware, with its headquarters in La Mirada, California.

4. Defendant Furniture and Mattress Store is a furniture warehouse located in East Los Angeles, California. The name of the warehouse on some signage is "Furniture and Matress [sic] Store." Other business names are used for this warehouse in advertisements, online, and on social media, including but not limited to

"David's Furniture," "D Furnishing," and "Furniture & Outlet." Throughout this Complaint, Defendant will be referred to as "Furniture and Mattress Store."

5. On information and belief, Defendant David Duran is an individual residing in Los Angeles County, California and is an owner and/or operator of Defendant Furniture and Mattress Store.

6. On information and belief, Defendant Tony Duran is an individual residing in Los Angeles County, California and is an owner and/or operator of Defendant Furniture and Mattress Store.

7. Plaintiff does not know the true names or capacities of Defendants sued herein as Does 1 through 10. Plaintiff alleges that Defendants Does 1 through 10 are responsible for the acts alleged in this complaint and sues them on that basis. Plaintiff will amend this complaint to state the Doe Defendants' true names and capacities within a reasonable time after discovering them.

8. Plaintiff believes and therefore alleges that Defendants Does 1 through 10 are the agents, servants, employers, employees, partners, joint venturers, and/or co-conspirators of each of the other Defendants, and in doing the acts alleged herein were acting on behalf of each other in one or more of those capacities.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1051 *et seq.*).

10. The Court has personal jurisdiction over Defendant Furniture and Mattress Store because its principal place of business is located within the State of California and within this District.

11. The Court has personal jurisdiction over Defendant David Duran because, on information and belief, he resides within this District.

12. The Court has personal jurisdiction over Defendant Tony Duran because, on information and belief, he resides within this District.

1  13.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District, because a substantial part of the property that is the subject of this action is located in this District, and because Defendants are subject to personal jurisdiction in this District or may be found in this District. Furthermore, Plaintiff has suffered harm in this District.

## INTRADISTRICT ASSIGNMENT

14.  This action is not subject to divisional assignment because the case arises under intellectual property laws.

## FACTUAL ALLEGATIONS

**A.  Living Spaces and Its Valuable Trademarks**

15.  Living Spaces is a leading provider of home furnishings and accessories. Established 15 years ago, Living Spaces provides high-quality products to its customers throughout the United States in its retail store locations in California, Nevada, and Arizona (with a Texas store under construction), and through its website located at www.livingspaces.com.  Living Spaces has received a significant amount of press over the years, and has a large social media following, in large part due to its friendly and knowledgeable staff, inspiring designs, and relaxing in-store shopping experience.

16.  Since 2003, Living Spaces has continuously and prominently used the mark LIVING SPACES in connection with its retail store services.

17.  Since at least as early as 2013, Living Spaces has used the distinctive logo shown below, which also incorporates the LIVING SPACES mark:



18. While Plaintiff's continued use of the LIVING SPACES Marks provides it with strong common-law rights in those marks, Living Spaces also owns several valid, subsisting, uncancelled, and unrevoked federal trademark registrations for the LIVING SPACES Marks, including:

| Mark | Reg. No. | Reg. Date | Description of Goods/Services |
|---|---|---|---|
| LIVING SPACES | 3,101,463 | June 6, 2006 | Cl. 35: Retail furniture store |
| LIVING SPACES (logo) | 4,508,086 | April 1, 2014 | Cl. 35: Retail store services featuring furniture and home furniture accessories, and online retail store services featuring furniture and home furniture accessories |
| LIVING SPACES (logo) | 4,532,270 | May 20, 2014 | Cl. 35: Retail store services featuring furniture and home furniture accessories, and online retail store services featuring furniture and home furniture accessories |

Collectively, these marks are referred to herein as the "LIVING SPACES Marks." Attached hereto as Exhibit A are copies of each of the certificates of registration for the LIVING SPACES Marks.

19. Plaintiff's U.S. Registration No. 3,101,463 is incontestable pursuant to 15 U.S.C. § 1065.

20. Based on its federal trademark registrations and common-law rights, Plaintiff owns the exclusive right to use the LIVING SPACES Marks in commerce in connection with the goods and services covered by the registrations.

21. Living Spaces has spent considerable time and expense on the creation, development, promotion, and enforcement of the LIVING SPACES Marks. Through Living Spaces' widespread promotion and use, the LIVING SPACES Marks have become strong and well-known in connection with its retail store and its website. Living Spaces and the LIVING SPACES Marks have been featured in numerous media articles and on social media, including Facebook, Instagram, Twitter, YouTube,

Pinterest, and Houzz. Living Spaces has over 82,000 Instagram followers and its Facebook page has over 150,000 followers. On the interior decorating website and app Houzz, Living Spaces is a "Houzz Influencer" whose photographs have been added to other users' "idea books" more than 25,000 times. Living Spaces also has a mobile app that allows users to browse its inventory, create and share "wishlists," and interact with Living Spaces on social media.

22. Living Spaces also delivers furniture throughout California, Arizona, and Nevada in vehicles with the LIVING SPACES Marks featured prominently on the side.

23. In 2017, Living Spaces launched a collaboration with Joanna Gaines, host of the popular HGTV television show "Fixer Upper." The Magnolia Home by Joanna Gaines collection has been extensively marketed online and in Living Spaces stores in conjunction with the LIVING SPACES Marks.

24. Living Spaces extensively advertises its retail stores and website via both radio and television advertisements in California, Arizona, and Nevada. In fact, Living Spaces' television advertisements have played during the Super Bowl on regional channels.

25. As a result, the public has come to know, identify, and recognize retail store services offering home furnishings and related goods and services marketed in association with the LIVING SPACES Marks as goods and services originating solely with, or authorized by, Living Spaces. Accordingly, Living Spaces has established tremendous goodwill in each of these marks.

26. Living Spaces' extensive use and promotion of the LIVING SPACES Marks has caused each of those marks to become famous in the United States, as defined in 15 U.S.C. § 1125(c).

**B. Defendants' Infringing Conduct**

26. Defendants operate a furniture warehouse located at 4937 Olympic Boulevard, Los Angeles, CA 90022, selling home furnishings, electronics, and appliances.

27. The warehouse does not operate under normal business hours, but instead Defendant David Duran opens the warehouse upon the request of customers who view advertisements and flyers bearing Defendant David Duran's cell phone number.

28. In addition to paper flyers, Defendants advertise furniture for sale from the warehouse and elsewhere online, offering dining room sets, chairs, sofas, mattresses, and other furniture and accessories at low prices, often with a "free brand new 50 inch TV" thrown in. The advertisements offer "free delivery" and "no tax."

29. On information and belief, Defendants also operate a Facebook page for a business titled "Furniture and outlet" with the same address as the furniture warehouse and Defendant David Duran's phone number.

30. On information and belief, Defendant Tony Duran is the brother of Defendant David Duran and the co-owner of Defendant Furniture and Mattress Store and assists with accepting payments from customers of the stores and delivering furnishings purchased by customers.

31. Defendants sell mattresses and other home furnishings to customers from the warehouse and deliver the goods using box trucks bearing marks that are colorable imitations of the LIVING SPACES Marks. Photographs of these trucks are below:



32. A close-up of the signage used on Defendants' trucks is reproduced below on the left, with Plaintiff's LIVING SPACES mark on the right:

 

33. Defendants' LIVING PLACES mark (the "Counterfeit Mark") uses the same color scheme and furniture icons as Plaintiff's LIVING SPACES Marks. The only differences are two letters and the fact that the icons are rearranged in Defendants' Counterfeit Mark. Thus, the Counterfeit Mark is nearly identical to the authentic LIVING SPACES Marks, and when customers view Defendants' mark on its trucks on city streets and freeways for only a short time, Defendants' mark is indistinguishable from Plaintiff's LIVING SPACES Marks. Defendants' mark constitutes a counterfeit of the authentic LIVING SPACES Marks.

34. On information and belief, Defendants also sell furniture and other items directly out of the back of the trucks bearing the Counterfeit Mark, which has diverted sales from Plaintiff to Defendants.

35. On information and belief, Defendants have an association with a neighboring business, "Banner & Sign," located at 4935 E. Olympic Boulevard, which manufactured the LIVING PLACES sign that is affixed to the sides of the box trucks used by Defendants to deliver furniture.

36. Despite delivering furniture around Los Angeles in a truck bearing the Counterfeit Mark, which is confusingly similar to, and a counterfeit of, the LIVING SPACES mark, Defendants' furnishings are of a lower quality than those offered by Living Spaces.

37. Defendants are not authorized distributors of Plaintiff's goods, nor do they have an agreement with Plaintiff to provide furniture delivery services under the LIVING SPACES Marks for Plaintiff's goods. Defendants are not authorized to use any version of the LIVING SPACES Marks in connection with their retail warehouse or any delivery services that they provide, or in connection with any retail store services relating to home furnishings.

38. On information and belief, Defendants adopted the Counterfeit Mark in order to attract the attention of local consumers who are familiar with Living Spaces. Given the proximity of Defendants' warehouse in East Los Angeles and Plaintiff's retail store and distribution center in La Mirada, on information and belief, Defendants use the Counterfeit Mark to draw consumers away from Plaintiff's stores and to Defendants' warehouse.

39. Defendants' use of the Counterfeit Mark has caused actual confusion. One of Defendants' trucks bearing the Counterfeit Mark was seen by one of Plaintiff's contract drivers near East Los Angeles. The driver believed that the truck was delivering furniture for Plaintiff, and approached the driver in order to determine whether he was familiar with the driver. Only upon close inspection did the Living Spaces driver see that the banner on the side of the truck said "Living Places," not "Living Spaces," and that the logo was slightly different from Plaintiff's logo. On information and belief, this truck is associated with Defendant David Duran.

## FIRST CAUSE OF ACTION
## Federal Trademark Infringement
## Lanham Act § 32(1)(a); 15 U.S.C. § 1114(1)(a)

40. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

41. Plaintiff owns valid and enforceable federal trademark registrations for the LIVING SPACES Marks.

42. Defendants had actual knowledge of Plaintiff's ownership and use of the LIVING SPACES Marks prior to its adoption and use of the Counterfeit Mark in connection with the promotion, sale, and delivery of its goods and services.

43. The Counterfeit Mark is nearly identical to and substantially indistinguishable from the LIVING SPACES Marks.

44. Plaintiff has not authorized Defendants to use the LIVING SPACES Marks, and Defendants' use of the Counterfeit Mark in connection with their retail furniture store and delivery services has resulted in Defendants unfairly and unlawfully benefitting from the goodwill embodied in Plaintiff's LIVING SPACES Marks.

45. Defendants' unauthorized use and promotion of the Counterfeit Mark in commerce has caused and is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and/or quality of the goods and services Defendants are promoting or offering under the Counterfeit Mark, constituting trademark infringement in violation of 15 U.S.C. § 1114.

46. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

47. Defendants have acted willfully to usurp Plaintiff's rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION
## Unauthorized Use of a Counterfeit Mark on Signage
## Lanham Act § 32(1)(b); 15 U.S.C. § 1114(1)(b)

48. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

49. Plaintiff owns valid and enforceable federal trademark registrations for the LIVING SPACES Marks.

50. Before Defendants' actions alleged herein, Plaintiff continuously used the LIVING SPACES Marks throughout the U.S. in connection with retail store services featuring furniture and home furnishings.

51. Defendants intentionally use a non-genuine version of the LIVING SPACES Marks that is identical to, or substantially indistinguishable from, the authentic LIVING SPACES Marks.

52. Plaintiff did not authorize Defendants' use of the Counterfeit Mark and such unauthorized use is likely to confuse consumers into falsely believing that Defendants' goods and services are authorized, related to, or emanate from Plaintiff, when they are not and do not.

53. Defendants' unauthorized use and promotion of the Counterfeit Mark in commerce was and is willful and intentional, and has caused and is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and/or quality of the goods and services Defendants are promoting or offering under the Counterfeit Mark, constituting trademark infringement in violation of 15 U.S.C. § 1114.

54. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

55. Defendants have acted willfully to usurp Plaintiff's rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a). Plaintiff is also entitled to statutory damages, at its election pursuant to 15 U.S.C. § 1117(c).

## THIRD CAUSE OF ACTION
## False Designations of Origin
## Lanham Act § 43(a)(1)(A); 15 U.S.C. § 1125(a)(1)(A)

56. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

57. In addition to its federal trademark registrations, Plaintiff owns and enjoys valid, enforceable, and fully subsisting common-law trademark rights in the LIVING SPACES Marks in California and throughout the United States.

58. Defendants' use of the Counterfeit Mark in commerce constitutes a false designation of origin, as it is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiff.

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

60. Defendants have acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
## Federal Trademark Dilution
## Lanham Act § 43(c); 15 U.S.C. § 1125(c)

61. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

62. Plaintiff is the exclusive owner of the LIVING SPACES Marks. To enhance its rights further, Plaintiff obtained federal registrations for the LIVING SPACES Marks.

63. Each of the LIVING SPACES Marks are distinctive marks that have been in use for a number of years and play a prominent role in Plaintiff's marketing, promotion, and popularity of its products.

64. Each of the LIVING SPACES Marks have gained widespread publicity and public recognition in United States.

65. Each of the LIVING SPACES Marks is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and had become famous prior to Defendant's first use of the Counterfeit Mark.

66. Defendants' promotion and sale of goods and services bearing the Counterfeit Mark constitutes use in commerce of the LIVING SPACES Marks.

67. Defendants' use in commerce of the Counterfeit Mark dilutes, and/or is likely to dilute, the distinctive quality of Plaintiff's famous LIVING SPACES Marks and lessens the capacity of those marks to identify and distinguish Plaintiff's goods and services.

68. Defendants' use in commerce of the confusingly similar and dilutive Counterfeit Mark harms, and/or is likely to harm the reputation of the LIVING SPACES Marks due to the difference in the nature and quality of the goods and services offered by Defendants compared to those offered by Plaintiff.

69. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

70. Defendants have acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a).

# FIFTH CAUSE OF ACTION

## Common Law Trademark Infringement

71. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

72. Plaintiff owns and enjoys valid, enforceable, and fully subsisting common-law trademark rights in the LIVING SPACES Marks in California and throughout the United States.

73. Defendants, through the conduct and violations described above, have engaged in, engage in, and proposes to engage in trademark infringement and unfair competition against Plaintiff under California common law.

74. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

75. Defendants have acted willfully.

# SIXTH CAUSE OF ACTION

## Unlawful, Unfair, and Fraudulent Business Practices

## California Business and Professions Code § 17200

76. Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

77. Defendants' conduct, described above, constitutes unlawful or fraudulent business acts or practices and as such constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq.*

78. Defendants' conduct constitutes unlawful business acts or practices in that Defendants have engaged in (i) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition through creating a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

and (3) by diluting the distinctiveness of and tarnishing the reputation of the LIVING SPACES Marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

79. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

80. Defendants have acted willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

1. Pursuant to 15 U.S.C. § 1116, preliminarily and permanently enjoining Defendants, and all persons in active concert or participation with them, from directly or indirectly:

- using the LIVING SPACES Marks, or any other mark, word, or name incorporating or confusingly similar to the LIVING SPACES Marks;
- from representing by any means whatsoever, that Defendants and their goods and services are associated in any way with Plaintiff or its LIVING SPACES Marks;
- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendants' products or services come from or are the products or services of Plaintiff, or are somehow sponsored by or associated with Plaintiff;
- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill;

- from assisting, aiding, or abetting any other person or business entity from engaging in or performing any of the activities described above;

2. Ordering Defendants to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, printing devices, advertisements, electronic files, and other articles bearing or used in the manufacture of the Counterfeit Mark, pursuant to 15 U.S.C. § 1118 and 18 U.S.C. § 2320;

3. Ordering expedited discovery to commence immediately;

4. Awarding Plaintiff its actual damages and Defendants' unjust and unlawful profits arising from Defendants' misconduct, pursuant to 15 U.S.C. § 1117(a);

5. Trebling Plaintiff's actual damages and Defendants' unjust and unlawful profits pursuant to 15 U.S.C. § 1117(b);

6. Awarding Plaintiff statutory damages if it so elects, up to $2 million per counterfeit mark per type of good or service sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

7. Ordering restitution to Plaintiff for Defendants' unjust enrichment and unlawful gains to the detriment of Plaintiff;

8. Awarding exemplary damages in an amount to be determined by jury;

9. Awarding Plaintiff its costs of suit, attorneys' fees, and reasonable expenses in this exceptional case;

10. Awarding pre-and post-judgment interest at the maximum rate allowable by the law; and

11. Granting such other relief as the Court may deem just and equitable.

Dated: April 19, 2018                WINSTON & STRAWN LLP

By: */s/ Diana Hughes Leiden*
Diana Hughes Leiden
Laura M. Franco

Attorneys for Plaintiff
LIVING SPACES FURNITURE, LLC

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: April 19, 2018                WINSTON & STRAWN LLP

By: */s/ Diana Hughes Leiden*
Diana Hughes Leiden
Laura M. Franco

Attorneys for Plaintiff
LIVING SPACES FURNITURE, LLC